# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### CRIMINAL CASE NO. 3:89cr052

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| **vs.** | ) | **ORDER** |
| | ) | |
| | ) | |
| **BELTON LAMONT PLATT.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on the Supplement to the Presentence Report Pursuant to Crack Cocaine Guideline Amendment [Doc. 3] filed on January 14, 2009 by the United States Probation Office.

It appears that at some point the Defendant was potentially identified as a defendant to whom the crack cocaine amendment, Amendment 706 to the Sentencing Guidelines, might apply. For that reason a Form CJA20 was entered appointing an attorney to represent the Defendant with regard to any potential application of Amendment 706. Defendant has filed no motion for application of Amendment 706, either through counsel or pro se. On January 22, 2009, the Court ordered the Defendant's appointed counsel to proceed with filing either a motion for relief pursuant to Amendment 706 or to file a certificate of non-eligibility. [Doc. 4].

Defendant's counsel has now filed with the Court a certificate of non-eligibility. [Doc. 5].

After review of the Supplement to the Presentence Report and the Court file, the Court determines that inasmuch as the Defendant's conviction resulted from crimes involving powder cocaine, not cocaine base, he is not entitled to any relief pursuant to Amendment 706.

**IT IS, THEREFORE, ORDERED** *sua sponte* that the Defendant is entitled to no relief pursuant to Amendment 706 to the Sentencing Guidelines.

**IT IS SO ORDERED.**

Signed: February 10, 2009

Martin Reidinger
United States District Judge